UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, <br><br> Plaintiff, <br><br> v. <br><br> SUMMIT CLASSICAL CHRISTIAN SCHOOL, <br><br> Defendant. | CASE NO. C23-1368JLR <br><br> ORDER |

Before the court is Plaintiff Myriam Zayas's complaint against Summit Classical Christian School ("Summit"). (Compl. (Dkt. # 5).) Ms. Zayas is proceeding *pro se* and *in forma pauperis* ("IFP"). (*See generally id.*; IFP Order (Dkt. # 4).) Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" the court determines that a complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just

ORDER - 1

those filed by prisoners). The court has considered Ms. Zayas's complaint and determined that the allegations therein fail to state a claim upon which relief can be granted. Accordingly, the court DISMISSES Ms. Zayas's claims without prejudice and with leave to amend.

Ms. Zayas brings this action under 42 U.S.C. § 1983 against Summit, a Christian grade school, alleging that Summit unlawfully enrolled and religiously indoctrinated her foster child without Ms. Zayas's permission. (Compl. at 4.) Ms. Zayas claims Summit "attempted to bargain with me through various state officials on keeping my child in their school," "attempted to get a court order to force the enrollment of my child," and that, as a result, her child is "a full blown [C]hristian." (*Id.*) She seeks "[a]ll damages possible. Cash. Paid to me." (*Id.* at 5.)

Because Ms. Zayas is a *pro se* plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, her complaint must still contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and

//

plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief").

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that the conduct complained of "was committed by a person acting under color of state law"; and (2) that the conduct deprived the plaintiff "of a right secured by the Constitution and laws of the United States." *See Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). Dismissal of a § 1983 claim "is proper if the complaint is devoid of factual allegations that gave rise to a plausible inference of either element." *Id.* at 1036. Regarding the first element, courts generally presume that private parties do not act "under color of state law" within the meaning of § 1983. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). Nevertheless, private parties may be held liable under § 1983 if a plaintiff shows that their "conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

"'The Supreme Court has articulated four tests for determining whether a private [party's] actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002)). First, "[u]nder the public function test, 'when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its

constitutional limitations.'" *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002) (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)) (holding a private entity engaged in a public function by regulating free speech on property leased from the City of Portland). Second, "[t]he joint action test asks 'whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.'" *Tsao*, 698 F.3d at 1140 (quoting *Franklin*, 312 F.3d at 445) (holding a private entity engaged in joint action because its security guards operated under a "system of cooperation and interdependence with" the Las Vegas Police Department). Third, "[s]tate action may be found under the state compulsion test where the state has 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State.'" *Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)) (finding no state action under state compulsion test where homosexual plaintiffs argued that a California law compelled a political committee to oust them, where the law merely authorized removal of members). Finally, under the nexus test, the court considers whether there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974); *see also, e.g.*, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 723 (1961) (holding sufficient nexus existed where a private coffee shop leased space from a publicly-owned parking garage and served garage clientele)).

//

1  Here, Summit is a private entity (Compl. at 4) and thus is presumed not to act "under color of state law" within the meaning of § 1983. Ms. Zayas's complaint is devoid of allegations that, if taken as true, show that Summit's conduct was "fairly attributable to the State." *Lugar*, 457 U.S. at 937. Ms. Zayas claims that Summit was "intricately intertwined with . . . state officials who . . . attempted to gain a court order that would keep [her] child enrolled in their school," though "they did not get the order." (Compl. at 4.) But these bare and conclusory allegations of state action do not reveal how or the extent to which Summit was "intertwined" with state officials. (*See generally id.*) Ms. Zayas also fails to identify those state officials. (*See generally id.*) Without more, the court cannot discern the factual basis supporting Ms. Zayas's claim that Summit, acting under color of state law, deprived her of a constitutional right. *See Naffey*, 789 F.3d at 1035-36. Accordingly, the court DISMISSES Ms. Zayas's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Ms. Zayas leave to file an amended complaint. If she does so, she must include short, plain statements setting forth factual allegations demonstrating that: (1) Summit's conduct amounted to state action under one of the four above-mentioned tests; and (2) the conduct complained of deprived Ms. Zayas of a constitutional right. Ms. Zayas shall file her amended complaint, if any, no later than **November 17, 2023**. If Ms. Zayas fails to timely comply

with this order or fails to file an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss this case with prejudice.

Dated this 31st day of October, 2023.

JAMES L. ROBART
United States District Judge