UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C23-1368JLR |
| Plaintiff, | ORDER |
| v. | |
| SUMMIT CLASSICAL CHRISTIAN SCHOOL, | |
| Defendant. | |

*Pro se* Plaintiff Myriam Zayas brought this action under 42 U.S.C. § 1983, alleging Defendant Summit Classical Christian School ("Summit") violated her constitutional rights by enrolling and religiously indoctrinating her child. (Compl. (Dkt. # 5) at 4.) On November 29, 2023, the court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (11/29/23 Order (Dkt. # 8) at 2; *see also* 10/31/23 Order (Dkt. # 6) at 5-6.) In particular, the court ruled that Ms. Zayas failed to plausibly allege facts demonstrating that Summit's conduct was

ORDER - 1

1 fairly attributable to the State and deprived her of a constitutional right.  (11/29/23 Order

2 at 2; 10/31/21 Order at 5.)  Following entry of final judgment (Judgment (Dkt. # 9)),

3 Plaintiff Myriam Zayas filed her notice of appeal (Not. (Dkt. # 10)).

4 To date, Ms. Zayas has proceeded *in forma pauperis*.  (9/19/23 Order (Dkt. # 5).)

5 On December 26, 2023, the Ninth Circuit Court of Appeals referred this matter to the

6 district court for the limited purpose of determining whether IFP status should continue

7 on appeal, "or whether the appeal is frivolous or taken in bad faith."  (Referral (Dkt. # 12)

8 at 1.)  The court concludes that Ms. Zayas's appeal is frivolous.

9 "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not

10 taken in good faith."  28 U.S.C. § 1915(a)(3).  In addition, "revocation of [IFP] status is

11 appropriate where [the] district court finds the appeal to be frivolous."  (Referral at 1

12 (citing *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).)  An appeal is

13 frivolous where none of the legal points are arguable on their merits.  *Neitzke v. Williams*,

14 490 U.S. 319, 325 (1989).

15 Ms. Zayas's notice of appeal appears to raise two claims of error, but neither is

16 arguable on the merits.  First, Ms. Zayas explains that she used a form Section 1983

17 complaint that instructed her not to cite case law, so this court erred by dismissing her

18 claims "based on [her] not citing case law."  (Not. at 2.)  The court, however, dismissed

19 Ms. Zayas's complaint due to factual deficiencies—not the failure to cite case law.  (*See*

20 10/31/23 Order at 5 (explaining that the court could not "discern the factual basis

21 supporting Ms. Zayas's claim" based only on her "bare and conclusory allegations of

22 state action"); 11/29/23 Order at 2 (dismissing the complaint with prejudice after Ms.

Zayas failed to file an amended complaint with "factual allegations demonstrating that Summit's conduct [was] fairly attributable to the State").) Second, Ms. Zayas argues that "Rooker Feldman does not apply" to her case. (Not. at 3.) But the court did not dismiss the complaint on Rooker-Feldman grounds. (*See generally* 10/31/23 Order (no mention of the Rooker-Feldman doctrine); 11/29/23 Order (same).)

Accordingly, the issues on appeal are not arguable on their merits. *Neitzke*, 490 U.S. at 325. Ms. Zayas's appeal is frivolous and the court therefore ORDERS that her IFP status shall be revoked on appeal.

Dated this 3rd day of January, 2024.

JAMES L. ROBART
United States District Judge