UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C23-1368JLR |
| Plaintiff, | ORDER |
| v. | |
| SUMMIT CLASSICAL CHRISTIAN SCHOOL, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Myriam Zayas's motion for a refund of the district and appellate court filing fees in this case. (7/26/24 Mot. (Dkt. # 18).) This is Ms. Zayas's third such motion. (*See* 4/22/24 Mot. (Dkt. # 14); 7/5/24 Mot. (Dkt. # 16).) The court denied Ms. Zayas's previous two motions as lacking in merit, concluding "Ms. Zayas did not actually pay the [$402] district court filing fee because she proceeded *in forma pauperis*" ("IFP"), and that she was not entitled to a refund of the $605 appellate court filing fee "based on a mere 'change of heart.'" (7/9/24 Order (Dkt. # 17) at 1

ORDER - 1

1  (quoting 5/6/24 Order (Dkt. # 15) at 1-2).)  The court determined that Ms. Zayas did not
2  pay the district court filing fee because no receipt had been posted to the docket, where it
3  ordinarily would appear.  And, at no point has Ms. Zayas provided evidence such as a
4  receipt showing that she paid the district court filing fee.  (*See generally* 4/22/24 Mot.;
5  7/5/24 Mot.; 7/26/24 Mot.; Dkt.)  By contrast, however, the docket showed that Ms.
6  Zayas did pay the appellate court filing fee after her IPF status was revoked on appeal.
7  (*See* Dkt. (showing receipt for payment of $605 in connection with Ms. Zayas's notice of
8  appeal); *see also* 1/3/24 Order (Dkt. # 13) at 3 (revoking IFP status).)
9       In the instant motion, Ms. Zayas insists she "made both payments" to the district
10 court and "the cashier accepted [her] money."  (7/26/24 Mot. at 1-2.)  The court has
11 conferred with the Clerk's office and can confirm that on October 6, 2023, Ms. Zayas
12 paid the district court's $402.00 filing fee to open this case despite already having
13 obtained IFP status by that date.  (*See* IFP Order (Dkt. # 4) at 1 (granting IFP status on
14 September 19, 2023).)  The receipt was not posted to the docket due to a clerical error.[1]
15      IFP status allows an indigent litigant to commence a civil action without
16 *prepaying* the customary civil filing fee.  *See* Local Rules W.D. Wash. LCR 3(c).  But,
17 IFP status does not necessarily waive *payment* of the filing fee for an IFP litigant who is
18 able and willingly chooses to pay it.  Here, the record demonstrates that Ms. Zayas
19 willingly chose to pay the filing fee because her financial circumstances changed.  (*See*

---

[1] The receipt has now been posted to the docket.  (*See* Receipt (Dkt. # 19) (receipt for Ms. Zayas's $402.00 district court filing fee paid on October 6, 2023 and docketed on July 30, 2024).)

ORDER - 2

IFP Mot. (Dkt. # 1) at 1 (Ms. Zayas explaining "I am just filing this [IFP application] because of the statute of limitations but if you give me 30 days to pay this I can pay all my filing fees I am due to get a settlement in the next 2-3 weeks").)  As with the appellate court filing fee, Ms. Zayas is not entitled to a refund of the district court filing fee "based on a mere 'change of heart.'"  (7/9/24 Order at 1; *see also* 5/6/24 Order at 2 (collecting cases).)

Accordingly, the court DENIES Ms. Zayas's motion (Dkt. # 18).  The court will not entertain further motions seeking a refund of filing fees.  Ms. Zayas is again warned that if she continues to file meritless motions in this closed case, the court will direct the Clerk to refuse any and all of her future filings in this matter, unless and until the Ninth Circuit Court of Appeals reverses the judgment and remands for further consideration on the merits.

Dated this 31st day of July, 2024.

JAMES L. ROBART
United States District Judge